**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| ELEXIS SOLOMON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NAPERVILLE, DETECTIVE ZBROZEK, DETECTIVE DEUCHLER, Star No. 4268, and UNKNOWN CITY OF NAPERVILLE POLICE OFFICERS,<br><br>Defendants. | Case No.<br><br>Judge<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff, ELEXIS SOLOMON, by and through her attorney, Christopher R. Smith , makes the following Complaint against Defendants CITY OF NAPERVILLE ("Defendant City"), DETECTIVE ZBROZEK, DETECTIVE DEUCHLER, Star No. 4268, and other UNKNOWN CITY OF NAPERVILLE POLICE OFFICERS (collectively herein, "Defendant Officers"):

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Plaintiff's pendant state law claims

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims occurred within this district.

## PARTIES

4. Plaintiff ELEXIS SOLOMON is a resident of the Northern District of Illinois federal judicial district.

5. At all relevant times, DETECTIVE ZBROZEK, DETECTIVE DEUCHLER, Star No. 4268, and other UNKNOWN CITY OF NAPERVILLE POLICE OFFICERS were employed by Defendant CITY OF NAPERVILLE and acting under color of law and within the scope of their employment.

6. Defendant CITY OF NAPERVILLE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times, was the employer and principal of Defendant Officers.

## FACTUAL BACKGROUND

### I. Introduction

7. Plaintiff, Elexis Solomon, is an education professional with a bachelor's degree in early childhood education.

8. Ms. Solomon worked at Bright Horizons, an educational services company in Chicago, from 2014 until 2019.

9. During the summer of 2016, Ms. Solomon learned that she was a victim of identity theft and made the recommended reporting to her financial institutions.

10. At that time, Ms. Solomon thought that her ordeal was over.

11. However, many years later, on September 2, 2021, Elexis Solomon was stopped for a minor traffic infraction by Chicago police officers.

12. During that stop, the Chicago police learned that Ms. Solomon had an active arrest warrant issued by the Naperville Police Department.

13. It turned out that Ms. Solomon was wanted for allegedly writing fraudulent checks during late 2015, during the same timeframe when she was the victim of identity theft.

14. Unfortunately, Ms. Solomon would learn that she was also the victim of a reckless and indefensible criminal investigation by the Naperville Police Department.

15. The 2021 arrest was premised on warrant issued on November 3, 2016 in DuPage County Circuit Court after Defendant Detective Deuchler presented false, misleading, and incomplete evidence.

## II. The 2015 Crimes and the Subsequent "Investigation"

16. On December 22, 2015, an unknown woman used counterfeit checks at a Gordmons Department store and at a Victoria's Secret store in Naperville, Illinois.

17. The counterfeit checks were issued in Ms. Solomon's name and included an address on Church Street in Decatur, IL—an address where Ms. Solomon never resided.

18. The Naperville Police Department received retail security videos and video stills of the check writing suspect on January 15, 2016.

19. Elexis Solomon is clearly not the individual pictured in the security footage.

20. Defendants learned that Elexis Solomon worked for Bright Horizons in Chicago.

21. Defendants made one phone call to Bright Horizons on or about May 18, 2016.

22. Defendants did not follow up with employer and attempt to actually learn where to locate Ms. Solomon to speak with her, let alone attempt to have her visually identified by store personnel.

23. On May 18, 2016, Defendants discovered that Elexis Solomon resided on Leavitt Street in Chicago in an Apartment E.

24. Defendants never made contact with Ms. Solomon.

25. No store witness or employee identified Ms. Solomon as a suspect.

26. Defendants lacked probable cause for Ms. Solomon's arrest.

27. Yet, Defendants chose to close out their investigation by procuring an arrest warrant for an individual who had never been identified by any victim.

28. On November 3, 2016, already almost a year after the false checks were passed, Defendants sought a warrant for Ms. Solomon's arrest.

29. During a warrant proceeding, Defendant Deuchler told a judge that Ms. Solomon was identified as the woman on the surveillance video using fraudulent checks.

30. On information and belief, Defendant Deuchler did not inform the judge that Defendants had identified Ms. Solomon's address and place of employment.

31. On information and belief, Defendant Deuchler did not inform the judge that Defendants had not spoken with Ms. Solomon.

**III. The Arrest and Aftermath**

32. Almost five years passed between when the warrant was issued and when Ms. Solomon was arrested on September 2, 2021.

33. The Defendants treated this incident as a cold case; having a warrant issued for the purpose of closing out their file.

34. They put Ms. Solomon directly in harm's way, to relieve themselves of the burden of doing their job.

35. As a result, Ms. Solomon was held overnight and processed through Cook County

Jail.

36. Ms. Solomon's family posted her bond on the day of September 3, 2021 and waited several hours for her release.

37. Prior to her arrest, Ms. Solomon had no knowledge of any outstanding warrant, had no involvement with the 2015 crimes, and indeed was a victim of the 2015 crimes.

38. Ms. Solomon was charged with two counts of retail theft, attempted forgery, and attempted identity theft.

39. The Catholic preschool that Ms. Solomon was working at in September of 2021, told her that this arrest had appeared on her background check.

40. All charges against Ms. Solomon were *nolle prosequi'd* on March 3, 2022.

**Count I – 42 U.S.C. § 1983**
**Fourth Amendment – False Arrest**

41. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

42. The arrest of Ms. Solomon; violated her right to be free of false arrest under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

43. Defendants lacked probable cause or other lawful grounds to seek Ms. Solomon's arrest.

44. As a proximate result of the above-detailed actions of both Defendant Officers, which caused her false arrest, Ms. Solomon suffered injuries including, emotional distress, loss of freedom and mental anguish.

**Count II – 42 U.S.C. § 1983**
**Fourth Amendment – Malicious Prosecution**

45. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

46. As more fully stated above, Defendant Detectives caused criminal proceedings

against Ms. Solomon to be commenced with malice, for reasons other than bringing her to justice, and without having probable cause to commence a prosecution.

47. Plaintiff was deprived of liberty until she was able to bond out of custody.

*48.* The case was terminated in Plaintiff's favor by *nolle prosequi.*

49. As a direct and proximate result of this illegal and malicious conduct, Ms. Solomon suffered injury, including but not limited to loss of freedom, emotional injury, and economic damages.

**Count III – State Law Claim**
**Illinois Malicious Prosecution**

50. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

51. As more fully stated above, Defendant Detectives caused criminal proceedings against Ms. Solomon to be commenced with malice, and without probable cause.

52. The case was terminated in Plaintiff's favor by *nolle prosequi.*

53. As a direct and proximate result of this illegal and malicious conduct, Ms. Solomon suffered injury, including but not limited to loss of freedom, emotional injury, and economic damages.

**Count IV — State Law Claim**
**Indemnification – City of Naperville - 745 ILCS 10/9-102**

54. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

55. At the time of the events described above, the Defendant Officers were employed by the City of Naperville.

56. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Naperville.

**Count VII — State Law Claim**
**Respondeat Superior**

57. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

58. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Naperville.

59. Defendant City of Naperville is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorney for Plaintiff

Christopher R. Smith
Christopher Smith Trial Group, LLC
53 West Jackson, Suite 856
Chicago, IL 60604
312.432.0400