IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELEXIS SOLOMON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 22 C 4596 |
|     v. | ) |
| | ) Judge Ronald A. Guzmán |
| CITY OF NAPERVILLE, DETECTIVE | ) |
| ZBROZEK, DETECTIVE DEUCHLER, and | ) |
| UNKNOWN CITY OF NAPERVILLE | ) |
| POLICE OFFICERS, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

    Defendants' motion to dismiss the Second Amended Complaint is granted in part and denied in part for the reasons stated below.

**BACKGROUND**

    On September 2, 2021, plaintiff, Elexis Solomon, was stopped by Chicago police officers for a minor traffic infraction. During the stop, those officers learned that there was an active arrest warrant for Solomon that had been issued on November 3, 2016, at the request of the Naperville Police Department; allegedly Solomon had used fraudulent checks in late 2015 at two stores in Naperville. Solomon was arrested, processed through the Cook County Jail and held overnight, and charged with attempted forgery, attempted identity theft, and two counts of retail theft. Solomon's employer, a preschool, then informed her that the arrest had appeared on her background check. On March 3, 2022, all of the charges against Solomon were disposed of by *nolle prosequi* (a formal notice of abandonment). Solomon alleges that prior to her arrest, she had no knowledge of any warrant and furthermore was not the perpetrator of the crimes. Rather, Solomon says that she was the victim; in summer 2016, she had learned that she was a victim of identity theft and had made the recommended reports to her financial institutions.

    Solomon alleges that the warrant for her arrest was the result of a "reckless and indefensible criminal investigation" by the individual defendants, Naperville Police Detectives Elena Deuchler and Jason Zbrozek (the "Detectives"). (ECF No. 16, 2d Am. Compl. ¶¶ 14-33.) On December 22, 2015, a woman had used counterfeit checks at Gordmans and Victoria's Secret stores in Naperville. The counterfeit checks were issued in Solomon's name and included an address in Decatur, Illinois. (ECF No. 4, 1st Am. Compl. ¶ 17.) On January 15, 2016, the Naperville Police Department received from the retailers security videos and still images of the suspect. According to Solomon, she is "clearly not the individual" depicted in the security footage. (2d Am. Compl.

¶ 18.) Defendants learned that Solomon worked for Bright Horizons, an educational-services company in Chicago, and they made one phone call to Bright Horizons in May 2016. They did not follow up with Bright Horizons to attempt to locate Solomon and speak with her, nor did they attempt to have store personnel visually identify her. Defendants also learned in May 2016 that Solomon resided on Leavitt Street in Chicago but never contacted her.

Solomon alleges that the defendants procured a warrant for her arrest nearly a year after the events occurred "for the purpose of closing out their file," despite the fact that no store witness or employee had identified her as the suspect. (*Id.* ¶¶ 24, 26, 32.) She further alleges that during the warrant proceeding, Deuchler "presented false, misleading, and incomplete evidence" by telling a judge that Solomon had been identified as the woman on the security video who used the checks and failing to inform the judge that the defendants had ascertained Solomon's address and place of employment yet had not spoken with her. (*Id.* ¶¶ 15, 28-30.)

Solomon filed this action on August 29, 2022. Her Second Amended Complaint contains claims against the Detectives for false arrest in violation of 42 U.S.C. § 1983 (Count I) and malicious prosecution in violation of § 1983 (Count II) and Illinois law (Count III). Solomon also brings state-law claims against the City of Naperville (the "City") for indemnification (Count IV) and respondeat superior (Count V).[1] Defendants move to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

For purposes of a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts, and draws all reasonable inferences in the plaintiff's favor. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). To withstand a Rule 12(b)(6) motion, a complaint must comply with Rule 8 by containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### A.    Defendant Zbrozek

Defendants argue that Zbrozek should be dismissed from this action because plaintiff fails to allege that he was personally involved in her arrest or prosecution. Section 1983 claims against individuals require personal involvement in the alleged constitutional deprivation. *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022). A malicious-prosecution claim in Illinois requires a showing of the defendant's "commencement or continuance" of a judicial proceeding. *Beaman v. Freesmeyer*, 183 N.E.3d 767, 782 (Ill. 2021). Plaintiff's Second Amended Complaint does not include any facts that give rise to a reasonable inference that Zbrozek caused plaintiff's arrest or was involved with the criminal proceedings. In fact, the complaint contains no particular

---

[1] Count V appears to be erroneously labeled "Count VII" in the Second Amended Complaint (there are no counts labeled V or VI).

allegations against Zbrozek whatsoever. Plaintiff fails to respond to this argument and therefore concedes the issue.[2] *See In re LaMont*, 740 F.3d 397, 410 (7th Cir. 2014) (failure to respond to an argument results in waiver). The Court will dismiss Zbrozek without prejudice.

### B.     Probable Cause and Qualified Immunity

Defendants contend that plaintiff's claims should be dismissed because there was probable cause for plaintiff's arrest, or at least arguable probable cause that would entitle Deuchler to qualified immunity. "Probable cause to arrest exists when the facts and circumstances that are known to the officer reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Braun v. Vill. of Palatine*, 56 F.4th 542, 548 (7th Cir. 2022) (internal punctuation and citation omitted). The existence of probable cause depends on the elements of the predicate criminal offense as defined by state law. *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 715 (7th Cir. 2013).

Defendants submit that probable cause existed to arrest plaintiff for retail theft (essentially, knowingly taking retail merchandise and intending to keep it without paying its full retail value) simply because the "counterfeit" checks used at the two stores were issued in plaintiff's name and address. (ECF No. 18, Defs.' Mem. Supp. Mot. Dismiss at 3.) This argument is perplexing on its face,[3] but in any event, defendants do not develop it (other than to argue that they were not required to speak with plaintiff prior to seeking an arrest warrant, a point that may be well-taken but is nonetheless incidental to the probable-cause analysis), nor do they cite supporting authority, so it is waived. Even if the argument were not waived, the Court would reject it. On a motion to dismiss, the Court is limited to the allegations in plaintiff's complaint, which are taken as true. Those allegations are sufficient to allow the false-arrest claim against Deuchler to proceed; they come nowhere close to establishing that there was probable cause or arguable probable cause[4] for plaintiff's arrest.

Defendants also assert that "a review of Plaintiff's driver's license photograph and the security footage demonstrates" the reasonableness of Deuchler's conclusion that plaintiff was the individual depicted in the footage. (Defs.' Mem. Supp. Mot. Dismiss at 4.) This argument misses the mark for three reasons. First, it assumes facts that are not alleged in the complaint—that

---

[2]     Without mentioning Zbrozek by name, plaintiff does argue that she "has alleged that *all* individual Defendants were aware that they lacked probable cause, . . . but participated in the decision to close out the case by seeking a warrant anyway." (ECF No. 24, Pl.'s Resp. Defs.' Mot. Dismiss at 9-10). The Second Amended Complaint, however, is silent as to any conduct by Zbrozek and therefore is too vague to state a claim against him.

[3]     Indeed, plaintiff responds: "Whose identity do Defendants claim Ms. Solomon was stealing? Her own?" (Pl.'s Resp. Defs.' Mot. at 2-3.) There are several different types of check fraud, but the checks at issue here are alleged to have been "counterfeit." (2d Am. Compl. ¶ 16.)

[4]     This case is no exception to the general rule that qualified immunity, an affirmative defense, is "almost always a bad ground" for dismissal under Rule 12(b)(6). *See Reed v. Palmer*, 906 F.3d 540, 549 (7th Cir. 2018).

3

Deuchler reviewed and compared plaintiff's driver's license photograph and the security video footage. Second, defendants improperly rely on material outside the complaint. When ruling on a motion to dismiss, the court may consider "documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice" without converting the motion into one for summary judgment. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017) (internal punctuation and citation omitted); Fed. R. Civ. P. 12(d) (if, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). Defendants argue that judicial notice can be taken of plaintiff's driver's license photograph and the security video footage. Courts may take judicial notice of "common knowledge and matters of public record not subject to reasonable dispute, such as state statutes and city ordinances." *United States v. Hemphill*, 447 F. App'x 733, 736 (7th Cir. 2011). Through their citation of authority, defendants imply that the photograph and video footage are matters of public record. (Defs.' Mem. Supp. Mot. Dismiss at 4 n.2.) The Court need not determine whether the photograph is a matter of public record; the store security footage undoubtedly is not, so a comparison of the two items could not be made on a motion to dismiss. Third, the Court would be unable to substantively consider the footage even if it were inclined to convert the motion to one for summary judgment (which it is not because discovery is not yet complete). Defendants have submitted compact discs containing at least two videos and several still images without providing any foundation for this material or a description of what they depict.[5] One of the videos is nearly thirty minutes long and shows dozens of customers making purchases at a store's cash-register area, but defendants fail to point the Court to any particular portion of it. They merely argue in conclusory fashion that a "fair resemblance" establishes probable cause and "Plaintiff's suggestion that she was not the individual in the surveillance video is questionable." (Defs.' Mem. Supp. Mot. at 4, 9.) They do not explain why the suggestion is "questionable" or discuss anything in particular that is depicted in the videos.

Accordingly, defendants' motion to dismiss is denied as to plaintiff's claim against Deuchler for false arrest.

**C.  Malicious Prosecution**

**1.  Section 1983 (Count II)**

Defendants argue in their opening memorandum that dismissal of Count II is required because there is no such thing as Fourth Amendment malicious prosecution. Plaintiff responds, correctly, that the United States Supreme Court recognized such a claim in *Thompson v. Clark*, 142 S. Ct. 1332 (April 4, 2022). In reply, defendants so concede and withdraw their argument that the claim is not recognized under federal law. They further contend, however, that qualified

---

[5]  In their opening brief, defendants refer to the videos as "Exhibit B." The Court is in receipt of several compact discs from defendants, but there is no indication on the case docket that this video exhibit was filed in accordance with this district's local rules and procedures on the filing of electronic materials. Defendants are directed to promptly retrieve the compact discs from this Court's Courtroom Deputy and properly file the electronic material.

immunity exists as to Count II because *Thompson* represents a shift in the law. This argument is waived for purposes of the instant motion because it is presented for the first time in defendants' reply brief.[6] *See Williams v. Bd. of Educ.*, 982 F.3d 495, 507 n.30 (7th Cir. 2020). Even if it were not waived, it would fail; as explained above, dismissal on qualified-immunity grounds would be improper here.

### 2. State Law (Count III)

Malicious prosecution in Illinois has five elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Defendants maintain that plaintiff has failed to plead the second, third, and fourth elements. Defendants' challenge to the third element fails in light of the Court's rejection of their probable-cause argument, see above.

As to the second element, under current Illinois law, the bare fact that a case was disposed of by *nolle prosequi* is insufficient to establish that the case was terminated favorably for the plaintiff; rather, the plaintiff must show that the prosecutor abandoned the case for reasons indicative of plaintiff's innocence. *Ferguson v. City of Chi.*, 820 N.E.2d 455, 460 (Ill. 2004) (citing *Swick*, 662 N.E.2d at 1238).[7] Defendants contend that plaintiff fails to adequately allege a favorable outcome of her criminal proceeding because she does not elaborate on the *nolle prosequi* disposition by alleging a basis for the prosecutor's decision. The Court disagrees. As plaintiff notes, it is not her burden at this stage to *prove* that the termination of the case was for reasons indicative of her innocence. While she does not set forth in the complaint any reasons for the abandonment of the criminal case, that abandonment *coupled with* her allegations about the scant investigation that preceded the arrest and charges nudges her claim from conceivable to plausible in this respect. *See, e.g.*, *Molina v. Latronico*, 430 F. Supp. 3d 420, 439-40 (N.D. Ill. 2019) (holding that a state-law malicious-prosecution claim was adequately pleaded where it could be inferred from the allegations about plaintiff's arrest that the *nolle prosequi* disposition was consistent with plaintiff's innocence); *Lietzow v. Vill. of Huntley*, No. 17 C 5291, 2018 WL 6248911, at *5 (N.D. Ill. Nov. 29, 2018) ("Lietzow's allegation that the charge was dismissed in a manner indicative of his innocence is sufficient at the motion to dismiss stage. Whether he will be able to meet his burden of proof is a question for later.").

Defendants also assert that plaintiff has inadequately pleaded malice by failing to allege facts suggesting that there was an "acrimonious relationship" between the parties or that criminal proceedings were commenced for the purpose of injuring plaintiff. (Defs.' Mem. Supp. Mot.

---

[6] *Thompson* was decided seven months before defendants filed their motion to dismiss.

[7] To this Court's knowledge, the Illinois Supreme Court has yet to reexamine *Swick* in light of *Thompson*, in which the United States Supreme Court held that to establish favorable termination, a plaintiff asserting a § 1983 malicious-prosecution claim need prove only that the underlying prosecution "ended without a conviction." 142 S. Ct. at 1341.

Dismiss at 7.) Illinois law, however, does not define malice that narrowly. A plaintiff can demonstrate malice for purposes of a malicious-prosecution claim by showing that the prosecution was initiated for an improper motive—that is, "any reason other than to bring the responsible party to justice." *Beaman*, 183 N.E.3d at 792. In addition to sufficiently alleging a lack of probable cause, plaintiff has also alleged that Deuchler sought the warrant for plaintiff's arrest nearly a year after the counterfeit checks were passed "for the purpose of closing out [the Detectives'] file" and to "relieve" herself "of the burden of doing [her] job." (2d Am. Compl. ¶¶ 32-33.) Those facts are sufficient to permit a reasonable inference of malice.

Defendants' motion to dismiss is denied as to plaintiff's claims against Deuchler for malicious prosecution.

### D. Respondeat Superior

Defendants contend that the Court should dismiss plaintiff's respondeat superior claim in Count V because it is a basis for municipal liability only as to plaintiff's state-law claim for malicious prosecution, which in defendants' view is not viable. The Court does not understand plaintiff to be asserting a respondeat superior claim with respect to the federal claims in Counts I and II, but to the extent she does, that portion of Count V is dismissed with prejudice. However, to the extent that plaintiff seeks to hold the City liable for state-law malicious prosecution under a respondeat superior theory, that portion of Count V survives because Count III survives.[8]

### CONCLUSION

Defendants' motion to dismiss [17] is granted in part and denied in part. The motion is granted as to defendant Jason Zbrozek, and the Court dismisses Detective Zbrozek from this action without prejudice. The motion is also granted to the extent that plaintiff seeks to hold the City of Naperville liable for violations of federal law under a respondeat superior theory of liability. As to the remainder of plaintiff's claims, defendants' motion is denied.

**DATE:** February 14, 2023

**Hon. Ronald A. Guzmán**
**United States District Judge**

---

[8] Defendants also assert that plaintiff's failure to respond to their respondeat superior arguments results in forfeiture of the claim. But defendants' argument for dismissal of Count V, at least insofar as respondeat superior is premised on a violation of state law, is derivative of their arguments for dismissal of Count III, to which plaintiff did respond. Thus, plaintiff did not forfeit a respondeat superior theory of liability.